# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER 1998 SESSION



**FILED**

**October 15, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9805-CC-00135 |
| Appellant, | ) |
| | ) Madison County |
| V. | ) |
| | ) Honorable Whit LaFon, Judge |
| | ) |
| **WILLIAM EDWARD HUNT,** | ) (State Appeal - Probation Revocation) |
| | ) |
| Appellee. | ) |

FOR THE APPELLANT:

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

James G. (Jerry) Woodall
District Attorney General

James W. Thompson
Assistant District Attorney General
225 Martin Luther King Drive
P.O. Box 2825
Jackson, TN 38302-2825

FOR THE APPELLEE:

Clifford K. McGown, Jr.
Attorney at Law
113 North Court Square
P.O. Box 26
Waverly, TN 37185

George Morton Googe
District Public Defender
227 West Baltimore Street
Jackson, TN 38301

OPINION FILED: _____

**REVERSED AND REMANDED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

On April 1, 1996, the appellant, William Edward Hunt, was indicted by the Madison County Grand Jury for aggravated assault and possession of drug paraphernalia. On January 7, 1997, Hunt pled guilty to aggravated assault. He was sentenced as a standard, Range I offender and received a six-year suspended sentence with intensive probation. On January 2, 1998, Hunt was arrested on a warrant for violation of his probation and held without bond until his revocation hearing on March 10, 1998. At the revocation hearing, the trial court revoked Hunt's intensive probation, sentenced him to time served, and placed him on unsupervised probation. The state appeals, arguing that the trial court's decision was arbitrary and an abuse of discretion.

We reverse the decision below and remand for entry of an order reinstating Hunt's intensive probation.

In addition to the standard probation provisions, Hunt's intensive probation required him to observe a 6:00 p.m. to 6:00 a.m. curfew; to perform fifty hours of community service; to pay court costs, a fine, and restitution for the victim's medical expenses; and to report to his probation officer weekly. On April 18, and June 24, 1997, Hunt's probation officer filed probation violation reports asserting the following violations: failure to pay probation fees; absconding; failure to report; moving without permission; failure to follow instructions; failure to keep curfew; failure to pay costs, fine, and restitution; and failure to perform court ordered community service. The testimony at Hunt's revocation hearing supported these allegations and was, for the most part, uncontroverted. In fact, Hunt's own testimony not only admits the violations, but reflects his disregard of any attempt to comply with the conditions of his probation. For example, when asked why he did not report a change of address to his probation officer, Hunt replied, "I was just saying forget about it because I wasn't working and couldn't

pay anything, so I just said I'd take it on my own and just forget about it." In another question he was asked, "Well what about the rest of your probation"? Hunt replied, "Well probably catch me anyway, like they did."

While these violations may provide grounds for revoking Hunt's probation, the trial court's ultimate remedy is perplexing. By revoking the intensive probation only to order unsupervised probation, the trial court essentially rewarded Hunt for his violations. The only grounds offered by the trial court for its decision were the court's concern with the cost of confinement and the expressed hope that the court would not have to deal with Hunt again.

In rewarding Hunt for his violations, we find that the trial court decision reaches an anomalous result, not envisioned by the sentencing guidelines. We therefore reverse the decision below and, utilizing our de novo review, order that Hunt's supervised probation be reinstated according to the prior conditions.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JOE G. RILEY, Judge